| | |
|---|---|
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** | **Hearing Date:** |
| 570 Seventh Avenue, 17th Floor | **Hearing Time:** |
| New York, NY 10018 | **Objection Deadline:** |
| Telephone: (212) 972-3000 | |
| Facsimile: (212) 972-2245 | |
| Tracy L. Klestadt | |
| Brendan M. Scott | |

*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
GEMINI SYSTEMS, LLC,                                           :
                                                               :    Case No. 15-_____
              Debtor.                                          :
---------------------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (II) THE PROCEDURES GOVERNING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS; AND (III) RELATED RELIEF[1]**

Upon the motion of the above-captioned debtor (the "**Debtor**"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, 9007 and 9014 (the "**Bankruptcy Rules**"), for entry of an order authorizing and approving, among other things, the sale of substantially all of the Debtor's assets to ETGI, Inc. (the "**Purchaser**") free and clear of all liens, Claims and Encumbrances (as defined below), the assumption and assignment of the Assigned Contracts (as defined below), and related relief (Docket No. __) (as amended, the "**Motion**");[2] and the Order Approving Bid Procedures and Providing Certain Bid Protections to Purchaser and Granting

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or the Purchase Agreement (as defined below). A copy of the Purchase Agreement is attached as Exhibit C to the Motion.

{01011567.DOC Ver: 2 } 1

Related Relief (Docket No. ___) (the "**Bid Procedures Order**"); and it appearing that due and appropriate notice of the Motion, the Bid Procedures Order, the Bid Procedures, the Auction and the Sale Hearing having been given; and it appearing that no other notice of the relief granted by this Order need be given; and the Court having conducted a hearing on the Motion on March ____, 2015 (the "**Sale Hearing**") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Debtor having conducted a marketing process in compliance with the Bid Procedures Order and determined that the Purchaser has submitted the highest and best bid for the assets of the Debtor that the Purchaser has offered to purchase as more specifically described in the Purchase Agreement between the Debtor, the Purchaser, Essex Technology Group, Inc. ("**Essextec**") and Simon Leung (the "**Owner**"), dated as of March 11, 2015 (the "**Purchase Agreement**") and (the "**Assets**"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of the sale of substantially all of the Debtor's assets to the Purchaser and assumption and assignment of certain contracts (the "**Sale Transaction**") and Purchase Agreement; and this Court being fully advised; this Court, based upon the arguments, testimony and evidence presented to it, hereby makes the following findings of fact and conclusions of law:

    A.    This Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court

expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

  C. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

  D. The statutory predicates for the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

  E. As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, (i) proper, timely and adequate notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction and the Bid Deadline as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction or the Bid Deadline as provided herein is necessary or shall be required.

  F. A reasonable opportunity to object or be heard with respect to the Motion and the Sale Transaction has been afforded to all interested persons and entities, including, without limitation: (i) the U.S. Trustee, (ii) counsel for the Purchaser, (iii) counsel for the committee, if one is appointed, (iv) all parties that have filed a request for notice of pleadings in this case, (v) the United States' Attorney's Office and (vi) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case.

  G. Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Court, has been provided in the form and manner specified in the Motion and required by the Bid Procedures Order, and such notice is reasonable and adequate.

H. The sale process for the Assets and the Auction were conducted in accordance with the Bidding Procedures Order. At the conclusion of the Auction, the Purchaser was deemed the Successful Bidder with the highest and best offer for the Assets. The Auction was conducted in a non-collusive, fair and good faith manner and a reasonably opportunity has been given to any interested party to make a higher and better offer for the Assets.

I. The Purchaser is purchasing the Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

J. The Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arms' length bargaining positions. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Purchase Agreement to be avoidable under section 363(n) of the Bankruptcy Code.

K. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor afforded interested potential purchasers a full and fair opportunity to qualify as Qualified Bidders under the Bidding Procedures and to submit an offer for the Assets.

L. The Purchaser is not an "insider" of any of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

M. The consideration provided by the Purchaser for the Assets pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Assets, (iii) will provide a greater recovery for all of the Debtor's stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and

fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

N. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring the Debtor to enter into the Purchase Agreement and sell the Assets under section 363 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtor's business judgment and are in the best interests of the Debtor, the estate, and its creditors.

O. The marketing and bidding processes implemented by the Debtor and its advisors, as set forth in the Motion, were fair, proper, and reasonably calculated to result in the best value received for the Assets.

P. The Debtor has full authority and power to execute and deliver the Purchase Agreement and related agreements and all other documents contemplated by the Purchase Agreement, to perform its obligations therein and to consummate the Sale Transaction. Except as set forth in the Purchase Agreement, no additional consents or approvals are necessary or required for the Debtor to enter into the Purchase Agreement, perform its obligations therein and consummate the Sale Transaction.

Q. The Purchaser would not have entered into the Purchase Agreement and would not consummate the Sale Transaction, thus adversely affecting the Debtor, the estate, and its creditors, if the Assets were not sold to it free and clear of all Claims and Encumbrances or if the Purchaser would, or in the future could, be liable for any Claims and Encumbrances against the Assets.

R. Selling the Assets free and clear of any and all liens, claims (as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances, obligations, including employee benefit obligations charges against or interests in property, adverse claims,

claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise, subject to applicable law, including section 363 of the Bankruptcy Code (collectively, the "**Claims and Encumbrances**") would adversely impact the Debtor's estate, and the sale of the Assets other than as free and clear of all Claims and Encumbrances would be of substantially less value to the Debtor's estate.

S. The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Claims and Encumbrances, if any, who did not object, or withdrew their objections to the Sale Transaction, are deemed to have consented to the Sale Transaction. Further, the proceeds of the Sale Transaction exceed the amount of any lien on the Assets.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1. The relief requested in the Motion is granted and approved in all respects, as set forth herein. The Debtor's entry into the Purchase Agreement and the Sale Transaction is hereby approved in all respects. Except as may be expressly provided herein, objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.

2. The Debtor is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction in accordance with the Motion, the Purchase

Agreement and this Order, and (b) perform, consummate, implement and close fully the Sale Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement including, without limitation, consenting to the assignment by the Purchaser of any of its rights under or relating to the Purchase Agreement.

3.      Those holders of Claims and Encumbrances and other non-Debtor parties who did not object, or who withdrew their objections to entry of this Order, the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction and the Purchase Agreement are deemed to have consented to this Order, the Bidding Procedures Order, the Sale Transaction and the Purchase Agreement pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against the Purchaser, its successors, its assigns, its representatives, its affiliates, its properties, or any agent of the foregoing to recover any claim which such person or entity has against the Debtor or any of its affiliates or any of the Debtor's property.  Those holders of Claims and Encumbrances and other non-Debtor parties who did object, if any, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Claims and Encumbrances, if any, attach to the proceeds of the Sale Transaction ultimately attributable to the property against or in which they assert a Claim or Encumbrance.

**Sale and Transfer of the Acquired Assets**

4.      Upon Closing, the Assets transferred, sold and delivered to the Purchaser shall be free and clear of all Claims and Encumbrances of any person or entity.  The transfer of the Assets to the Purchaser constitutes a legal, valid and effective transfer of the Assets and shall vest the Purchaser with all right, title and interest in and to the Assets.

5.      Upon closing of the Sale Transaction, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of the Assets pursuant to the terms of the Purchase Agreement.

6.      Effective on the Closing, all entities, including, but not limited to, the Debtor, creditors, employees, former employees and shareholders, administrative agencies, tax and regulatory authorities, governmental departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Claims or Encumbrance against the Debtor's assets, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Assets or the Purchaser (or its successors, assigns, agents or representatives) as alleged successor or otherwise with respect to any Claims and Encumbrances on or in respect of the Assets.

7.      Each and every term and provision of the Purchase Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtor, the Purchaser, creditors, employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any Claim or Encumbrance against or interest in the Debtor's estate or the Debtor's assets, including any subsequent appointment of a trustee or other fiduciary under any section of the Bankruptcy Code.

8.      Upon the Closing, all entities holding Claims and Encumbrances of any kind and nature against the Debtor's assets hereby are barred from asserting such Claims and Encumbrances against the Purchaser (or its successors, assigns, agents or representatives) and/or

the Assets and, effective upon the transfer of the Assets to the Purchaser upon Closing, the Claims and Encumbrances shall attach to the proceeds of the Sale Transaction with the same force, validity, priority and effect, if any, as against the Debtor's assets.

9. This Order (a) is and shall be effective as a determination that, upon Closing, all Claims and Encumbrances existing as to the Debtor's assets conveyed to the Purchaser have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such Claims and Encumbrances attaching automatically the proceeds in the same manner and priority, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtor's assets conveyed to the Purchaser. All Claims and Encumbrances of record as of the date of this Order shall be removed and stricken as against the Assets in accordance with the foregoing. All entities are authorized and specifically directed to strike all such recorded Claims and Encumbrances against the Assets from their records, official or otherwise.

10. If any person or entity which has filed financing statements, mortgage, *lis pendens* or other documents or agreements evidencing Claims and Encumbrances on the Assets shall not have delivered to the Debtor prior to closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all

Claims and Encumbrances which the person or entity has or may assert with respect to the Assets, the Debtor is hereby authorized and directed upon closing, and the Purchaser is hereby authorized upon closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.  Upon closing of the Sale Transaction, each of the Debtor's creditors is authorized and directed to execute such documents and take all such actions as may be necessary to release their respective Claims and Encumbrances against the Assets.

11. Upon closing, the Purchaser (or its successors, assigns, agents or representatives) shall not be deemed to be (a) a successor to the Debtor, (b) *de facto* merged with the Debtor or (c) a mere continuation of the other Debtor. Without limiting the generality of the foregoing, and except as specifically provided in the Purchase Agreement, the Purchaser (or its successors, assigns, agents or representatives) shall not be liable for any claims against the Debtor or any of its predecessors or affiliates or assets, other than as expressly provided for in the Purchase Agreement or in this Order.

**Assumption and Assignment of Contracts**

12. At or before the Closing, the Purchaser shall provide (i) documentation identifying all Contracts the Purchaser wishes to be assumed by the Debtor and assigned by the Debtor to the Purchaser (the "**Assigned Contracts**"); and (ii) all Contracts that the Purchaser will not be seeking to be assigned by the Seller (the "**Excluded Contracts**").  At any time prior to the Closing, the Purchaser shall have the right to re-designate any Assigned Contract as either an Assigned Contract or an Excluded Contract.  The Debtor agrees not to reject any Contract on or before the 30th day following the Closing.  The Debtor shall assume in the Bankruptcy Case and assign to the Purchaser, any Assigned Contract (and any Contract that the Purchaser

designated after the Closing), provided that the Purchaser shall pay all scheduled and disclosed cure amounts in connection with such assumption, and assign said Assigned Contracts to the Purchaser. The Debtor shall use best efforts to seek assumption and assignment of any Contracts designated prior to and after the Closing and obtain an order of the Court authorizing such assumptions and assignments.

**Additional Provisions**

13. The provisions of this Order and the Purchase Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) confirming or consummating any plan of reorganization of the Debtor, (b) converting the Debtor's case from chapter 11 to chapter 7, (c) dismissing the Debtor's bankruptcy case or (d) appointing a chapter 11 trustee or examiner, and the terms and provisions of the Purchase Agreement as well as the rights and interests granted pursuant to this Order and the Purchase Agreement shall continue in this or any superseding case and shall be binding upon the Debtor, the Purchaser, and their respective successors and permitted assigns.

14. The Debtor shall assign to the Purchaser any claim and cause of action related to the Assets, including, without limitation, (i) those arising under chapter 5 of the Bankruptcy Code, and (ii) those related to any employee, independent contractor, or vendor with which the Purchaser will continue to perform business, or related to any Assigned Contract, excluding those claims relating to any of the Debtor's insiders (as insider is defined under Section 101(31) of the Bankruptcy Code).

15. Each and every federal, state, and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments

necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16. Nothing contained in any order of any type or kind entered in this chapter 11 case or any related proceeding subsequent to entry of this Order, nor in any chapter 11 plan confirmed in this chapter 11 case, shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order. Further, the provisions of this Order and any actions taken pursuant hereto shall survive the entry of an order confirming any plan of reorganization or liquidation for the Debtor, the conversion of the Debtor's case from chapter 11 to a case under chapter 7 of the Bankruptcy Code or the dismissal of the Debtor's bankruptcy case. In any plan of reorganization or liquidation or otherwise, the Debtor shall not make any statement, take any position or take any act that supports an argument that the Purchaser assumed debt that is not expressly assumed under the Purchase Agreement.

17. To the extent, if any, anything contained in this Order conflicts with a provision in the Purchase Agreement, this Order shall govern and control.

18. The Purchaser is purchasing the Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision. The consideration provided by the Purchaser for the Assets is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

19. This Court retains jurisdiction, even after conversion of this chapter 11 case to a case under chapter 7, to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and of each of the

agreements executed in connection therewith; (b) protect the Purchaser (and its successors, assigns, agents and representatives) and the Assets from and against any of the Claims and Encumbrances; (c) resolve any disputes arising under or related to the Purchase Agreement or the Sale Transaction; (d) adjudicate all issues concerning (alleged) pre-Closing Claims and Encumbrances and any other (alleged) interest(s) in and to the Debtor's assets, including the extent, validity, enforceability, priority and nature of all such (alleged) Claims and Encumbrances and any other (alleged) interest(s); and (e) adjudicate any and all issues and/or disputes relating to the Debtor's right, title or interest in the Debtor's assets, the Motion and/or the Purchase Agreement.

20. From and after the date hereof, the Debtor shall act in accordance with the terms of the Purchase Agreement and the Debtor, to the extent they have not already done so, shall execute the Purchase Agreement at or prior to Closing.

21. This Order constitutes an authorization of conduct by the Debtor and nothing contained herein shall be deemed to constitute a ruling with regard to the sovereign immunity of any state. The failure of any state to object to the entry of this Order shall not operate as a waiver with respect thereto.

22. This Order and the Purchase Agreement shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of the Purchaser, the Debtor and its affiliates and subsidiaries, the Debtor's assets, and any subsequent trustees appointed in the Debtor's chapter 11 case or in any chapter 7 case or upon (a) a conversion of this chapter 11 case to a case under chapter 7 or (b) dismissal of the Debtor's bankruptcy case.

23. The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Purchase Agreement and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

24. The provisions of this Order are nonseverable and mutually dependent.

25. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the Purchase Agreement, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

26. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.

Dated: New York, New York
_____ \_\_, 2015

_____
United States Bankrutpcy Judge